

**Samuel Kadosh**
Direct Phone:  +1 212 549 0451
Email:  skadosh@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

November 9, 2023

**Via ECF**

Hon. James R. Cho
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**RE:** *Rowe Plastic Surgery of New Jersey, L.L.C., et al. v. Horizon Blue Cross Blue Shield of Massachusetts*, No. 1:23-cv-04311-CBA-JRC – Opposition to Plaintiffs' Letter Motion (Dkt. 13)

Dear Judge Cho:

This firm represents Defendant Blue Cross and Blue Shield of Massachusetts, Inc. ("Defendant") in the above-captioned matter.[1]  We write in opposition to Plaintiffs' November 3, 2023 application that improperly seeks to change the venue of this case from the Eastern District of New York ("EDNY") to the Southern District of New York ("SDNY"), *see* Dkt. 13-1, and in further support of Defendant's request to refer this case to compulsory arbitration pursuant to EDNY Local Rule 83.7(d)(1).

Plaintiffs' request to change venue to the SDNY should be denied because it is a transparent attempt to evade the mandatory arbitration provisions in the EDNY. Plaintiffs do not point to any facts demonstrating that the SDNY is the proper venue for this action, and Plaintiffs' newfound preference for the SDNY is contrary to their statements in dozens of other parallel cases filed in the EDNY.

As an initial matter, Plaintiffs' request to change venue and statements about the alleged location of the events at issue are presented in an attorney declaration of Brendan Kearns. However, Mr. Kearns has not established any foundation for his purported knowledge regarding the location of the events at issue. His affidavit is not based on first-hand knowledge, and must be rejected.

Even if the court were to accept this affidavit, Plaintiffs do not present any facts supporting the claim that the "substantial events" of this lawsuit took place in the SDNY. Specifically, Plaintiffs claim that the "substantial events" giving rise to the claims are phone calls between Plaintiffs and Defendant, *see* Dkt. 13-1, ¶ 19, but they never detail where these phone calls actually took place.  *See generally*  Dkt. 13-1.

Notably, in a letter filed in a parallel case two weeks after Plaintiffs initiated this action, Plaintiffs specifically represented that the EDNY is the correct venue for their claims. Plaintiffs wrote: "Since the LLC's sole member is a resident of the state of New York, his main office and home are located within

---

[1] BCBSMA was incorrectly named as "Horizon Blue Cross Blue Shield of Massachusetts" in the caption.

ABU DHABI ♦ ATHENS ♦ AUSTIN ♦ BEIJING ♦ CENTURY CITY ♦ CHICAGO ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG ♦ HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH
NEW YORK ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

James R. Cho, U.S.M.J.
November 9, 2023
Page 2

ReedSmith

the State of New York, *we feel the EDNY is the appropriate Venue as it is our contention a substantial part of the events or omissions giving rise to the claim occurred here*." *See* June 22, 203 Letter, *Rowe Plastic Surgery of New Jersey, L.L.C., et al. v. Aetna Life Insurance Company*, 1:23-cv-04356 (emphasis added), attached hereto as **Exhibit A**. Moreover, as of June 2023, when Plaintiffs filed their complaint in this action, Plaintiffs had filed 99 copycat cases, and all but a handful of them were filed in the EDNY or in New York State Supreme Court in Nassau County. *See* **Exhibit B.**

Plaintiffs cannot escape the statements they made in all their parallel actions that venue is appropriate in the EDNY. They only sought to change venue to the SDNY after Defendant's request for referral to compulsory arbitration. The Court should deny their request to transfer venue.

The Court should also refer this case to mandatory arbitration pursuant to Local Rule 83.7(d)(1). Plaintiffs argue that the court should ignore the requirement to refer the case to mandatory arbitration because legal issues dominate over factual issues, Dkt. 13-3, but that claim is unavailing for two reasons. First, the legal issues do not predominate. The resolution of this case will involve a factual determination of whether the parties intended to form a contract during the course of an alleged routine pre-authorization call between Plaintiffs and Defendant. Second, Local Rule 83.7(d)(1) does not exclude cases from mandatory arbitration where legal issues allegedly predominate over the factual issues. Instead, it is a bright-line monetary threshold, and this case easily falls under that threshold. Plaintiffs have filed at least 99 comparable cases, which are clogging the dockets in the EDNY and state Supreme Court. This is precisely the type of case to refer to arbitration in an attempt to reach a speedy and efficient resolution to this matter.

We thank the Court for its attention to this matter.

Respectfully submitted,

**REED SMITH LLP**

/s/ Samuel Kadosh


cc: All Counsel of Record (*via CM/ECF*)